THE STATE OF MISSOURI EX REL. L. GARESCHÉ, Respondent, v. CHARLES SLEVIN ET AL., Appellants.

**March 11, 1885.**

1. APPEALS. — Cases pending on appeal in the St. Louis court of appeals at the passage of the act of March 4, 1885, in which the amount in dispute exceeded $2,500, are transferable, under the act, to the supreme court.

2. —— CONSTITUTIONAL LAW. — The act of March 4, 1885, does not confer any power in excess of, and does not conflict with, the constitutional amendment of November 4, 1884.

3. —— COURTS. — In the matter of the establishment, continuance, or discontinuance of its own courts each state is sovereign, and in establishing or discontinuing courts a state violates no provision of the constitution of the United States.

*Motion to hear the cause denied.*

E. C. SLEVIN, for the appellants.

J. L. HORNSBY, for the respondent.

Rombauer, J., delivered the opinion of the court on motion to proceed with the hearing of the cause.

This case having been docketed for hearing, we are asked to proceed with the hearing thereof, and to render judgment therein according to the merits of the appeal. We decline to do so, because under our construction of the act to provide for the certification and transfer of causes pending in the St. Louis court of appeals to the supreme court of Missouri, approved March 4, 1885, this court has no further jurisdiction or control of said cause except such as it must necessarily exercise in ordering its transfer to the supreme court.

As our ruling in this matter necessarily controls the disposition of a great number of other causes similarly situated, we deem it proper to express our views in writing.

The clause of the constitution creating this court provides, among other things (art. VI., sect. 12) : —

" Appeals shall lie from the decisions of the St. Louis court of appeals to the supreme court, and writs of error may issue from the supreme court to said court in the following cases only : In all cases where the amount in dispute, exclusive of costs, exceeds the sum of $2,500; in all cases involving the construction of the constitution of the United States or of this state ; in cases were the validity of a treaty, or statute of, or authority exercised under the United States is drawn in question, in cases involving the construction of the revenue laws of this state ; or the title to any office under this state ; in cases involving title to real estate; in cases where a county or other political subdivision of the state or any state officer is a party ; in all cases of felony."

The amendment to the constitution " concerning the judicial department," adopted November 4, 1884 (Laws 1883, p. 215), provides, among other things : —

" Sect. 3. The general assembly shall have power by law to create one additional court of appeals, with a new

district therefor, to change the limits of the appellate districts and the names of the courts of appeals, designating the districts by numbers or otherwise; to change the time of holding the terms of the said courts; to increase or diminish the pecuniary limit of the jurisdiction of the courts of appeals; to provide for the transfer of cases from one court of appeals to another court of appeals; to provide for the transfer of cases from a court of appeals to the supreme court, and to provide for the hearing and determination of such cases by the courts to which they may be transferred."

Purporting to act under these powers thus conferred upon it, the legislature enacted a law, which was approved March 4, 1885, containing the emergency clause, by force of which it went into effect at once, and which provides as follows: —

"Sect. 1. All cases which were pending in the St. Louis court of appeals on the first day of January, 1885, and which shall not have been disposed of at the time when this act shall go into effect, and which, by the terms of the constitutional amendment adopted on the fourth day of November, 1884, would come within the final appellate jurisdiction of the supreme court, shall be certified and transferred to the supreme court to be heard and determined by said court."

The constitutional amendment adopted on the 4th day of November, 1884, contains this provision: —

"Sect. 5. In all causes or proceedings reviewable by the supreme court, writs of error shall run from the supreme court directly to the circuit courts, and to courts having the jurisdiction pertaining to circuit courts and in all such causes or proceedings, appeals shall lie from such trial courts directly to the supreme court, and the supreme court shall have exclusive jurisdiction of such writs of error and appeals, and shall in all such cases exclusively exercise control over such trial courts."

The cause we are now requested to hear was pending on appeal in this court on the first day of January, 1885, and the amount in dispute therein exceeds the sum of twenty-five hundred dollars. It was not disposed of on the fourth day of March, 1885, and the supreme court has final appellate jurisdiction therein, so that it falls clearly within the class of cases contemplated by the act of March 4, 1885, and is transferrable to the supreme court, according to the provisions of said act, unless by some reason, affecting the constitutional validity of the act itself, it is exempt from its operation.

This constitutional objection is suggested to us in two forms. First, that the act of March 4, 1885, is in excess of the powers conferred upon the legislature by the constitutional amendment of November 4, 1884, in this: That the third section of said amendment authorizing the legislature to provide by law for the transfer of cases from a court of appeals to the supreme court is not the grant of an unlimited power on the subject, but only a grant to provide for the transfer of cases which have been improvidently appealed to a court of appeals, or in regard to which the appellate jurisdiction of a court of appeals has been terminated by a change in the pecuniary limit of the jurisdiction of the court.

We have examined this objection and find it untenable. Not only would this construction be contrary to the plain letter of the constitutional provision, which contains no limitation, but would also be contrary to the object and spirit of the entire amendment.

It is apparent, from the tenor of the entire amendment, that it was the intention of the people, by its adoption to secure two results : First, the speediest practicable determination of all causes appealed, or to be appealed, by giving to the party aggrieved one appeal and no more for a review of errors of law. Second, so to regulate the jurisdiction of the various appellate courts of this state, as to

enable them to dispose of the causes assigned to them respectively, in the most expeditious manner.

As these results could not practically and expeditiously be accomplished by having the jurisdiction of the various appellate courts determined from time to time in submitting and resubmitting the whole question to the people, it was deemed wise to entrust the legislature with that additional power, subject to the limitations imposed by the third section of the amendment and no others.

It is for that reason that the powers of establishing one additional court of appeals, and to increase or diminish the pecuniary limit of the jurisdiction of the court of appeals, as well as the power to transfer cases from one court of appeals to another court of appeals, and from a court of appeals to the supreme court, has been granted to the legislature. This gives to that body complete power to relieve either the supreme court or any of the courts of appeals by appropriate legislation whenever in its opinion the work of the court is such as to demand relief, in aid of the ultimate object sought to be attained, namely the speedy disposition of all appeals.

Nor can we see how the act of March 4, 1885, can be held amenable to the objection that it is opposed to the constitution of the United States, in violating the obligation of contracts. In the matter of the establishment, continuance, or discontinuance of its own courts, the people of every state are necessarily absolutely sovereign. If the people of this state would see fit to-day by constitutional amendment to discontinue every court within its border, except such as the national government is authorized to maintain within it, we can not see by what power vested in the national government they could be prevented from doing so. It is one of the elements of sovereign power, that it is limited only by the discretion of those who use it. This power the people in this instance have conferred upon the legislature limited by the provisions of section 3 of the

constitutional amendment. The legislature has exercised it, within the limits thus established, and its discretionary exercise of the power is not subject to review by any court.

If any further argument were needed in support of the constitutionality of the law of March 4, 1885, we might add that the objection made to it in that regard, could be made with equal reason to the constitutional provision creating the Kansas City court of appeals. Both of these provided for the transfer of pending appeals from the supreme court to the courts thus established.

The supreme court in ordering such transfers to be made, necessarily decided that these provisions, almost identical with those of the law under consideration now, were not in conflict with any provision of the constitution of the United States.

Motion to hear the cause denied. All the judges concur.