Filed April 24, 1888.

--------

No. 13,163.

CLEMENTS v. LEE ET AL.

CITY.—*Street Improvements.—Letting of Contract.—Notice.*—Where it appears that the common council of a city has given any sort of notice of the letting of a contract for the improvement of a street, its sufficiency can not be inquired into after the work has been done, under color of the proceedings, with the acquiescence of the parties benefited.

SAME.—*Questions Arising Prior to Contract.—Practice.*—If, under section 3165, R. S. 1881, which precludes any inquiry concerning facts arising prior to the making of the contract, any question relating to the sufficiency of the notice can be made—a proposition which is doubted—it can only be done by answer.

SAME.—*Contractor's Affidavit.—Void Precept.*—A precept issued without the filing of an affidavit by the contractor, embodying in a substantial manner all of the requirements of the statute providing for such affidavit (section 3165, R. S. 1881), is void; and where the complaint for the enforce-

ment of an assessment shows an insufficient affidavit, it is bad on demurrer.

From the Montgomery Circuit Court.

*M. W. Bruner* and *E. C. Snyder,* for appellant.

*W. H. Thompson* and *J. West,* for appellees.

MITCHELL, C. J.—This was an appeal by John and Letitia Lee from a precept, issued by order of the common council of the city of Crawfordsville, for the collection of certain assessments for street improvements made by Clements under a contract with the above mentioned city council.

The court sustained a demurrer to the transcript, which constitutes the complaint, and the questions made arise upon this ruling.

The city clerk was duly required to advertise for bids for the proposed work for two successive weeks. Proof was made showing the publication of a notice for two weeks in the Crawfordsville Star, inviting sealed proposals for the improvement specified, the first publication having been made on the 26th day of April, 1883, and the last on the 3d day of May following. The contract was let on the 8th day of May, which was less than two full weeks from the date of the first publication. It seems to be assumed on both sides that the notice was insufficient under the ruling in *City of Logansport* v. *Puterbaugh,* 46 Ind. 550. In the case relied on, a similar publication was held insufficient, but we assume the proceedings to enjoin the contractor were commenced before the work was begun. It is settled that, in case the record fails to show that any notice at all of the letting of a contract for the improvement of a street was given, objection may be taken by demurrer to the transcript upon an appeal. *McEwen* v. *Gilker,* 38 Ind, 233; *Kretsch* v. *Helm,* 38 Ind. 207; *Merrill* v. *Abbott,* 62 Ind. 549; *Anthony* v. *Williams,* 47 Ind. 565.

A person about to enter into a contract with a city council, must examine the records so far as to see that the common

council has taken, or attempted to take, the steps necessary to acquire jurisdiction to enter into a contract. If the record fails to show that such steps were taken, a contractor, or one about to contract, has no right to rely upon it. Where it appears, however, that an attempt was made to take the jurisdictional steps, such as the giving of any sort of notice, the sufficiency of the notice can not be inquired into after the work has been done, with the acquiescence of the parties benefited, under color of the proceedings. *Taber* v. *Ferguson*, 109 Ind. 227; *Ross* v. *Stackhouse, ante,* p. 200; *Prezinger* v. *Harness, post,* p. 491.

If, under section 3165, which precludes any inquiry concerning facts that arose prior to the making of the contract, any question relating to the sufficiency of the notice can be raised, a proposition which we are inclined to doubt, it can only be done by answer. *Martindale* v. *Palmer,* 52 Ind. 411; *Taber* v. *Ferguson, supra;* *McGill* v. *Bruner,* 65 Ind. 421. Within the rules declared in the cases already cited, the point relied on in respect to notice is not available.

The distinction between cases in which the transcript failed to show the giving of any notice, and those in which an insufficient or irregular notice appears to have been given, but which the common council, nevertheless, deemed sufficient, must be kept in view.

Section 3165, R. S. 1881, requires as a condition precedent to the issuing of a precept that the contractor shall file his affidavit in the city clerk's office, "stating that the whole or some part of said assessment remains unpaid, showing the amount paid and the amount due; that the estimate thereof has been duly made, and that the work estimated has been done according to contract."

The record shows that a tabulated statement or estimate made and returned by the city civil engineer was reported to the common council by the city clerk. This estimate or assessment contains a particular description of each tract or lot of land belonging to John and Letitia Lee, together with

the amount of each of the several estimates made during the progress of the work, and the whole amount estimated against each tract set opposite thereto. The clerk also reported to the common council an affidavit made by the contractor, in which he affirms that he is " the contractor on the above assessment list ; that the work has been done according to contract, and the estimate properly made and approved by the council ; that there is due from John Lee and Letitia Lee the sum of $601.98." This affidavit lacks all the substantial requirements of the statute. The only reference made therein to any contract is, that the affiant " was a contractor on the above assessment list." There is no intelligent reference to any contract which the affiant had theretofore entered into with the common council of the city of Crawfordsville for the improvement of the street described in the ordinance directing the work, nor does the affidavit state the amount which had been paid, or that the work was done under a contract entered into with the city council, and that the work so done has been duly estimated. As was said in *Martindale* v. *Palmer, supra,* " The affidavits authorize the precept as a judgment authorizes an execution," and they must embody in a substantial manner all the requirements of the statute. *Balfe* v. *Johnson,* 40 Ind. 235 ; *Ball* v. *Balfe,* 41 Ind. 221.

Some other objections are suggested as being fatal to the proceedings of the common council. They relate to matters which can not be made available after the work has been completed and the property-owner has received the benefits thereof. *Balfe* v. *Lammers,* 109 Ind. 347, and cases cited ; *Ross* v. *Stackhouse, supra.*

There was no sufficient affidavit filed to warrant the issuance of a precept, and for that reason the demurrer was properly sustained to the complaint. Until such an affidavit has been supplied, no precept can properly be ordered.

Judgment affirmed, with costs.

Filed April 18, 1888.