Jenkins *et al. v.* Stetler.

Filed April 16, 1889.

———◆———

No. 13,530.

JENKINS ET AL. *v.* STETLER.

STREET IMPROVEMENT.—*Surplus Earth.*—The validity of a provision in an ordinance authorizing a street improvement that surplus earth accumulating in the course of the improvement shall belong to the contractor, can not, under section 3165, R. S. 1881, be questioned in a proceeding to enforce an assessment.

SAME.—*Estoppel.*—Where a common council acquires jurisdiction and makes a contract for a street improvement, a party benefited, who stands by, without objecting, until the work is completed, is liable for the amount assessed against him as benefits.

SAME.—*Estimate.— Precept.— Presumption.*—In the absence of an answer showing that the improvement was not completed according to the contract, the court must presume that the city engineer, in reporting a final estimate, and the common council, in ordering a precept, did their duty.

SAME.—*Affidavit for Precept.*—It constitutes no valid objection to the affidavit for a precept that it was signed and sworn to by only one of two contractors.

SAME.—*Extension of Time for Completing Improvement.*—The time of the contractors for the completion of the work, as fixed in the contract, may be lawfully extended by a vote of the common council.

SAME.—*Amendment of Transcript or Precept.*—The circuit court has no authority to amend the transcript or precept, or to authorize an amendment thereof, but such amendments must be made by the order or with the consent of the common council, after which an amended transcript may be filed.

From the Clinton Circuit Court.

*O. E. Brumbaugh* and *W. R. Hines,* for appellants.
*J. N. Sims* and *S. O. Bayless,* for appellee.

MITCHELL, J.—This was an appeal by Stetler from a pre- cept, issued by order of the common council of the city of Frankfort, commanding the collection of certain assessments for street improvements made by William H. and Alfred M. Jenkins, in pursuance of a contract entered into between the latter and the common council above mentioned.

The transcript of the proceedings of the common council shows that, after taking the proper preliminary steps, an or- dinance was duly adopted, in which the character and extent of the proposed improvement were described, that notice was afterwards published, to the effect that sealed proposals would be received for the execution of the work, according to the plans and specifications adopted, and that a written con- tract was entered into between the common council and W. H. and A. M. Jenkins, who were accepted as the lowest and best bidders, on the 27th day of June, 1884, for the execu- tion of the improvement. A report made by the city en- gineer, and approved and accepted by the common council, showed that the improvement had been completed, according to the contract, from Washington street to Jefferson street, and it appeared from the final estimate of the engineer that there was due from the appellee, an abutting lot-owner, a specified sum. Upon an affidavit of one of the contractors, the precept appealed from was issued by the order of the com- mon council.

A demurrer was sustained to the transcript, and this ruling is now before us for review upon appeal. It is urged, as an ob- jection to the validity of the proceedings, that both the or- dinance providing for the improvement and the contract made by the common council with the appellants, are "tainted with illegality."

This argument is predicated upon the fourth section of the ordinance, which provides, in substance, that the earth exca-

vated during the progress of the work shall be hauled into any embankment required to be made in the course of the improvement, and that any earth so excavated and not thus needed should belong to the contractors.

The surplus earth, it is contended, belonged to the adjacent property-holders, respectively, and the argument is, that because the fourth section of the ordinance authorized the contractors to appropriate it to their own use, the proceedings were illegal.

We do not find it necessary to inquire concerning the title to surplus earth which accumulates in the course of a street improvement. It is not disclosed that there was any in fact growing out of the improvement involved in the present case, nor that the contractors appropriated any earth belonging to the appellee, or any other person. If it did so appear, the fact would not vitiate the contract so as to exonerate the appellee from paying for the benefit of a completed improvement, which presumably enhanced the value of his property to an amount equal to the sum assessed against it. The provision in the ordinance in reference to the disposition of the surplus earth, relates to a matter which arose prior to the making of the contract, and by the very terms of the statute is no longer a subject of inquiry. Section 3165, R. S. 1881; *Ross* v. *Stackhouse,* 114 Ind. 200; *Clements* v. *Lee,* 114 Ind. 397. Where a common council, by taking all the necessary preliminary steps, acquires jurisdiction, and makes a contract for street improvements, a party benefited will not be permitted to stand by until the work is completed, and then claim exoneration when the contractor seeks to obtain pay for his work.

The next objection urged is, that there is a fatal variance between the improvement as it is described in the ordinance and contract respectively, and in the final estimate of the city engineer, and in the affidavit of the contractors and the precept. The city engineer reported a final estimate and certified that the work was completed, and the common council

approved the report and ordered the precept upon the affidavit of the contractor. In the absence of an answer showing that the work was not completed according to contract, the court must presume that the city engineer and common council of the city did their duty.

It constitutes no valid objection to the affidavit for a precept that it was signed and sworn to by only one of the two contractors, and not by both.

We know of no reason why the time of the contractors for the completion of the work, as fixed in the contract, might not lawfully be extended by a vote of the common council, nor can we perceive any reason for holding that such an extension, in the absence of fraud, should, without more, make the proceedings void.

The circuit court had no authority to amend or authorize any amendment to the transcript or precept. If either the transcript or precept was imperfect or defective, it should have been amended—to the extent that it was amendable—by the order or consent of the common council, after which an amended transcript could have been filed. *Wells* v. *Rhodes*, 114 Ind. 467. The court erred in sustaining the demurrer to the transcript.

The judgment is therefore reversed, with costs.

Filed April 16, 1889.