The Trustees of the United Brethren in Christ Church *v.* Rausch.

Filed Feb. 19, 1890.

| 122 | 167 |
| 131 | 110 |

## No. 15,125.

## THE TRUSTEES OF THE UNITED BRETHREN IN CHRIST CHURCH *v.* RAUSCH.

QUIETING TITLE.—*Lots Sold for Street Improvement.*—*Pleading.*—*Answer.*— In an action to quiet title to a lot, against a defendant's adverse claim of title through a purchase of the lot sold in satisfaction of a street improvement, the answer of the defendant detailed the proceedings of the city council in ordering the macadamizing of the street on which the lot abutted, the letting of the contract to the defendant, the doing of the work, and the failure of the owners to pay the assessment ; the sale of the lot and purchase of it by the appellee, and the issuing of a deed to him for the same ; and averred, further, that the owners of the lot, with full

The Trustees of the United Brethren in Christ Church v. Rausch.

notice of the proceedings, without objection, allowed the improvement to be made.

*Held*, that it stated facts constituting a good answer to the complaint, and that it was not error to overrule a demurrer thereto.

SAME.—*Cross-Complaint.*—*Demurrer.*—In such suit, where a paragraph of cross-complaint, alleging the same facts stated in the answer, states facts sufficient to entitle the defendant to some relief, it is not error to overrule a demurrer to it.

SAME.—*Contractor's Bond.*—*Surety.*—*School Trustee.*—The law under which the work was contracted made no provision for the giving of a bond by the contractor, but it was proper for the city council to require the giving of a bond ; and the execution of a bond by the contractor, with a school trustee of the town in which the lot was situated as the only surety, the trustee being in no way interested in the performance of the work, and taking no part in the letting of the contract, is unobjectionable.

SAME.—*Contract for Street Improvements.*—*Irregularities.*—*Lien.*—The plaintiff, by the statute (section 3165, R. S. 1881), being prohibited from availing itself of any irregularity, or trying any question of fact arising prior to the letting of the contract for the work, proceedings up to and including the making of the contract will be deemed legal ; and the defendant had a lien for the *pro rata* share of the work which was assessable against the lot.

SAME.—*Sale of Lot.*—*Setting Aside of.*—*Plaintiff's Remedy.*—*Assessment.*— A mistake by the city civil engineer in estimating the work done under the contract, and assessable against the lot, and other irregularities occurring subsequently to the making of the contract, having been inquired into by the court, the sale set aside, and the amount chargeable against the lot ascertained, the plaintiff could not complain ; for the defendant having a valid lien against the lot, the plaintiff was only entitled to have its title quieted to the lot, as to all claims of title except the lien for the assessment chargeable against it for the street improvement.

From the Huntington Circuit Court.

*J. T. Alexander* and *J. M. Hatfield,* for appellant.

*B. F. Ibach,* for appellee.

OLDS, J.—This was a suit by the appellant to quiet its title to lot 17, in the original plat of the town, now city, of Huntington, in Huntington county, Indiana, against the appellee's adverse claim of title to such lot, derived by the sale of said lot in satisfaction of a street improvement and purchased by the appellee at such sale. The case has been in this

court once before, see *Rausch* v. *Trustees, etc.,* 107 Ind. 1. The complaint is in the usual form.

Appellee answered by general denial, and also pleaded the third paragraph of answer in bar. Appellee also filed one paragraph of cross-complaint asking to have the title to the lot quieted in himself, and a paragraph designated as the third paragraph of cross-complaint, asking to have a lien declared in his favor.

Demurrers were filed by the appellant to the third paragraph of answer and third paragraph of cross-complaint and overruled, and exceptions taken. There were demurrers filed and sustained to the second paragraph of reply to the third paragraph of answer; to the third paragraph of reply to the third paragraph of answer; to the second paragraph of answer to the third paragraph of cross-complaint, and to the third paragraph of answer to the third paragraph of cross-complaint, and exceptions reserved to each of these rulings.

Upon proper request the court found the facts specially and stated its conclusions of law, and appellant excepted to the conclusions of law. Appellant filed a motion to modify the conclusions of law as stated, which was overruled and exceptions taken. Appellant also filed a motion for new trial which was overruled, and exceptions taken.

Errors are assigned challenging the correctness of the several rulings of the court.

The third paragraph of answer sets out in detail the various steps taken by the city council in ordering the macadamizing of the street on which the lot abutted, the letting of the contract to the appellee, the doing of the work under the contract, the failure of the owners to pay the assessment upon the lot, and the sale of the lot and purchase of the same by the appellee, and that a deed issued to him for the same; that the owners of the lot had full notice of the proceedings, and stood by without objection and allowed the improvement to be made, and it states facts constituting a

good answer to the complaint, and there was no error in overruling the demurrer thereto.

The third paragraph of the cross-complaint alleges the same facts stated in the answer, setting up the various steps taken by the city council in ordering the improvement of the street in accordance with section 3165, R. S. 1881, advertising and letting the contract to the appellee for the doing of the work; setting out a copy of the contract which he entered into with the city to perform the work. It is further alleged that in pursuance of said written contract he did enter upon the performance of said work, and finished the same in pursuance of his contract; that during the performance of said work, and making said improvement by appellee, the trustees of said church, the plaintiff in this suit, stood by and saw the same done, knowing full well that this appellee was making said improvements under the aforesaid ordinance, and under his contract; that the plaintiff well knew that when the same was completed the costs thereof, estimated according to the whole length of the street to be improved as aforesaid, per running foot, would be chargeable against the owners of said lot, and they would be liable to him, the said appellee for the proportion of the costs of such improvement in the ratio the front line of said lot owned by the plaintiff bore to the whole improved line. The trustees, well knowing the facts, made no objection, nor in any manner gave the appellee to understand they would not pay for said improvement being made by him under said contract aforesaid. It is further alleged that the appellee, relying on his contract aforesaid, and on the standing by of the plaintiff, the trustees of the church, without objecting, went on and finished said work, which he would not have done if the plaintiff had objected, and he expended, in improving the property of the plaintiff, as herein set out, the sum of one hundred and fifty dollars; that the appellee now understands that the common council ordered an estimate to be made of said work, in which esti-

mate he is informed the city civil engineer made a mistake in measuring said lot, making it ten feet longer than he should have done, and that the plaintiff refused to pay said estimate; that thereupon the lot was sold to make the sum of said estimate, and the appellee became the purchaser at the sale thereof, and he is now informed that because of said over-estimates by said civil engineer, and for other defects in said proceedings by said city, the plaintiff claims said sale is void and of no effect, and the plaintiff still claims title and interest in said lot, and is now holding the same under such claim adversely to the appellee. Prayer that the court hear the evidence as to the regularity of said proceedings under which said sale was made, and afterwards a deed be executed to the appellee for said lot, and if it be found that such proceedings be irregular and the deed invalid, that a lien be declared against said lot for the amount due the appellee on account of said work which is chargeable against said lot, to wit : one hundred and fifty dollars, and all proper relief.

The facts stated in the cross-complaint entitled the appellee to some relief. There was a general prayer for relief, and there was no error in overruling the demurrer.

The assignment of error questions the correctness of· the ruling in sustaining the demurrer to the second paragraph of reply to the third paragraph of answer. This paragraph admits the defendant did the work in accordance with his contract, as in said paragraph alleged, but says that he executed a bond for the performance of his contract, and that the only surety on said bond was one William Ewing, who was at the time a school trustee of said city of Huntington.

The fourth, fifth and sixth assignments of error present the same question. Some of the paragraphs, after admitting the facts as stated in the answer or cross-complaint and the performance of the work in accordance with the contract, allege that Ewing was interested in the contract.

There was no error in sustaining the demurrer to these paragraphs.

The law under which the work was contracted makes no provision for the giving of a bond by the contractor, but it was proper for the city council to require the giving of a bond. The city school trustee was in no way interested in the performance of the work, nor had he anything to do with ordering the work or letting the contract. The paragraphs all admit the performance of the work in accordance with the contract. A copy of the contract was set out with the cross-complaint, to which the answers were addressed, showing it to be a contract with the appellee alone, and the admission in the answer that he performed the work under the contract as alleged, which admits the performance of the contract by the appellee, and the answer to which the reply is addressed alleges the same facts except it did not set out a copy of the contract, but this question could not be tried in this collateral proceeding. The demurrers were properly sustained. ·

The next alleged error is that the court erred in its conclusions of law.

The court found the facts as follows: That the plaintiff became the owner of lot 17 described in the complaint, and in controversy, on the 29th day of June, 1885, and has owned and occupied the same ever since as the grantee of the former owner thereof.

That said lot borders on the west side of Poplar street, in the city of Huntington, and is 132 feet in length from north to south, is bordered on the north by Matilda street in said city, and on the south by lot 25 of the original plat of the town, now city, of Huntington.

That the city of Huntington is divided into three wards, and at a regular meeting of the common council, held on the 18th day of June, 1879, an ordinance was passed providing that Poplar street in said city should be graded and the gut-

The Trustees of the United Brethren in Christ Church v. Rausch.

ters thereof bowldered the entire length from Market street north to German street.

That said ordinance provided that all of said improvements should be made at the expense of the property-owners owning property adjoining said street, except those portions covered by street and alley crossings; that the city civil engineer was directed by said ordinance to give notice in the Huntington Democrat on the 19th and 26th days of June, 1879, of the proposed letting of said contract, and that proposals for the doing of said work would be received and opened by the said common council on the 20th day of August, 1879. It was also directed by the ordinance that joint bids for doing the gravelling and bowldering would not be received, but that separate bids must be filed for each. Said engineer was directed to set the proper grade-stakes for said work, and post five copies of said notice of proposed letting of contracts for twenty days before said 20th day of August.

That said notice was not published on the 19th day of June, but was published on the 26th day of June and again on the 3d day of July, 1879, in said paper, and was posted for a period of twenty days in said city as directed in said ordinance.

That, on the 20th day of August, 1879, the common council of said city, in regular session, opened the bids offered for doing said work and rejected all of them.

That the city civil engineer again gave notice of letting said work, and that bids would be received, to be opened on October 1st, 1879. Such notice was published in the Indiana Herald on the 18th and 25th days of September, 1879, as ordered by the common council, and on said day the common council opened the bids offered and let the contract to the defendant Rausch for 23 cents per lineal foot for bowldering the gutter, and 33 cents per lineal foot for gravelling the street, and said Rausch entered into a written contract with said city to do said work, with one William Ewing

as his surety for the faithful performance of the work within the time named in said contract.

That said Ewing was at said time a school trustee of said city of Huntington. The Indiana Herald was then and there a weekly newspaper, printed and published in the said city of Huntington; five notices were also posted up in five of the most public places in said city.

That said Rausch completed said work as per contract with said city, and the city civil engineer reported an estimate to the common council of said city, charging said lot 17 with 157½ feet of bowldering the gutter along the east line thereof, at 23 cents per lineal foot, making $36.20 for bowldering, and with 157½ feet of gravelling the street along said lot, at 33 cents per lineal foot, making $51.97, or a total of $88.19 for both, which estimates were all reported as one estimate, being no more than the proper ratio in proportion of the number of feet of the whole improved.

That afterwards the city clerk of said city reported to the common council thereof that there was on file in his office an affidavit for the collection of said assessment by precept. On motion the said council thereupon ordered a precept to issue against said lot for the collection of said assessment.

That the city treasurer of said city presented the precept to James M. Hatfield, one of the trustees of said plaintiff, and demanded payment of the amount called for therein, which was refused.

That said treasurer, after giving notice of sale of said premises, sold said property to said Rausch, and issued to him a certificate of purchase therefor; that after one year from said sale, the plaintiff having failed to redeem therefrom, said treasurer executed a city treasurer's deed to the said Rausch for said property.

That the contract for bowldering the gutters and gravelling the street made between the city and Rausch was in one contract, stating the cost of such kind of work. The estimate made by the city civil engineer was in one estimate, cover-

ing both kinds of work, and stating amount of each kind estimated separately. The report made to the common council by the city clerk of an affidavit on file in his office referred to the work as a whole, and but one precept was issued for the collection of the amounts claimed to be due for both kinds of work covered by the contract.

That during all the time said work was being done, and ever since, said board of trustees was composed of five members.

That in said ordinance, and all the notices given by the city civil engineer, and in all the proceedings touching the matter of the improvement of Poplar street as it pertained to this lot, but three are mentioned as constituting said board.

That all that was done by the defendant Rausch was done in the performance of his said contract.

That the trustees aforesaid stood by and saw the said improvements made, well knowing at the time that the same was being made under said contract with the city council, and received the benefits of said improvements, and made no objection thereto.

That lot 25 aforesaid was fenced in with lot 17, and the whole appeared as one lot, and such was the condition of the two lots for more than thirty years before the adoption of said ordinance, and for that period it was held adversely to any owner by the grantors to the plaintiff herein.

That, on the 3d day of June, 1880, being within ten days after the expiration of twenty days from the time of said notice to one of the trustees and the demand of payment, and before the advertisement and sale, the city treasurer levied said precept on the premises in controversy, and the trustees well knew of the time of said advertisement and sale, and made no objection thereto, and no objection was made by them that there were too many feet assessed against said lot.

That the 157½ feet mentioned in this finding included a

part of said lot 25 fenced in with said lot 17, as hereinbefore stated.

That lot 17 is at the corner of the intersection of two streets, and two feet of the 157½ is assessed therein, which brings the front line of the improvement even with the side-walk of the intersecting street, the sidewalk being ten feet wide.

That the deed executed as herein found is in the words and figures following: (Then the deed is set out in full.)

The court states its conclusions of law as follows:    That the plaintiff is entitled to have its title quieted as against the defendant in and to the real estate described in the complaint, subject to a lien upon said realty for the improvement made thereon, in the sum of $111.87, as follows: for bowldering the gutter along the east line of the lot in controversy, being a distance of 132 feet, at 23 cents per lineal foot, $30.36, and for gravelling the street along said lot a distance of 132 feet, at 33 cents per lineal foot, $43.56, making, in the aggregate, $73.93 ; to which should be added interest thereon at the rate of six per cent. per annum from June 26, 1880, the date of the sale of said lot by the city treasurer to the defendant Rausch.

The court rendered judgment quieting title to the lot in the plaintiff, except as to the said sum of $111.87 due the plaintiff, and in default of payment ordered and decreed that said property be sold for the payment of said amount; that a copy of the decree be issued, and a sale had thereon, which should bar all interest of the plaintiff upon its failure to redeem.

The appellant was prohibited by the statute from availing itself of any irregularity, or trying any question of fact arising prior to the letting of the contract for the work.    Section 3165, R. S. 1881 ; *Sims* v. *Hines*, 121 Ind. 534, and authorities there cited.    So that the proceedings up to and including the making of the contract must be deemed and held to be legal ; and, therefore, the appellee had a lien on

the lot for the amount of the work, that is, the *pro rata* share of the work which was assessable against the lot; but the city civil engineer made a mistake in estimating the work done under the contract, and assessable against the lot, making the amount too great; and other irregularities occurred subsequent to the making of the contract; and these were matters which might be inquired into by a proper proceeding. No objection is presented as to the manner of raising the question, and the court has inquired into the matter in these proceedings and set the sale aside, and corrected and ascertained the amount chargeable against the lot. This is a matter of which the appellant can not complain. The appellee had a valid lien against the lot, and all the relief appellant was entitled to, or could obtain, in any event, even if the sale is void, was the quieting of its title to the lot as to all claims of title, except the lien for the assessment chargeable against it for the street improvement; hence, by the conclusions of law, and judgment rendered thereon, the appellant was secured its full rights.

There is no error in overruling the motion to modify the judgment, or the motion for a new trial. There is evidence to support the findings supporting the conclusions of law.

Appellee has assigned a cross-error, but it presents no question. There are no exceptions by appellee to the conclusions of law.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed Feb. 19, 1890.