Filed Jan. 28, 1892.

---

No. 14,952.

## The Terre Haute and Logansport Railroad Company *v.* Nelson.

Street Improvement.—*Extension of Time for Completing Improvement.*—In the absence of fraud, the time for the completion of a street improvement under a contract may be lawfully extended by a vote of the common council.

From the St. Joseph Circuit Court.

*J. G. Williams,* for appellant.

*L. Hubbard,* for appellee.

Olds, C. J.—This action came into the circuit court on an appeal taken by the appellant from a precept issued to

the treasurer of the city of South Bend for the collection, in favor of the appellee, of certain assessments made by the city council of that city on account of the paving of South Main street.

The common council of the city of South Bend passed an ordinance on the 1st day of October, 1887, for an improvement on Main street. By the ordinance the sidewalks on both sides of South Main street, within certain specified limits, were ordered graded and paved six feet in width with good, hard burned paving brick, and curbed in with sound oak plank; the work to be completed by the contractor before the 1st day of January, 1888.

Advertisement for constructing the work was made, and the appellee contracted with the city to do the work, to be completed as stipulated in the ordinance by the 1st day of January, 1888. On the 9th day of January, 1888, the appellee presented a petition to the mayor and common council of the city asking for an extension of time in which to do the work, and the council granted an extension of time until June 1st, 1888. On May 21st, 1888, appellee again presented a petition to the mayor and common council asking a further extension of time within which to do the work, and the time was extended until the first meeting of the common council, in August, 1888. On July 23d, 1888, appellee filed his petition for a final estimate of the work. Final estimate was made and precept properly issued.

The only objection to the proceedings urged by counsel for the appellant for which a reversal is asked is on account of the extension of time by the common council. It is contended that the common council had no authority to extend the time for the completion of the work, and that the appellee could not recover for the work, and had no right to have a precept issue for the collection of the sum due for the same, unless done and completed within the time named in the original contract.

It is exceedingly doubtful whether the question discussed

by counsel is properly presented, but, conceding that it is, the objection urged is not well taken. It has been expressly decided by this court that, in the absence of fraud, the time for the completion of a street improvement under a contract may be lawfully extended by a vote of the common council. *Jenkins* v. *Stetler*, 118 Ind. 275; *City of Lafayette* v. *Fowler*, 34 Ind. 140.

The work is contracted for by the city. The city has the supervision of the work, and there is, in our opinion, no valid reason why it may not, in a proper case, extend the time stated in the contract for the completion of the work.

There is no error in the record.

Judgment affirmed, with costs.

Filed April 28, 1891; petition for a rehearing overruled Feb. 6, 1892.