Reeves *et al. v.* Grottendick *et al.*

Filed April 2, 1892.

————————◆————————

No. 15,167.

## REEVES ET AL. *v.* GROTTENDICK ET AL.

**MUNICIPAL CORPORATIONS.**—*Street Improvement in City.*—*Appeal.*—*How Transcript Construed.*—*Precept.*—By statute the transcript certified to the circuit court by the city clerk in an appeal from a street improvement, constitutes the complaint of the contractor; and it should not be construed with rigid strictness against him, and ought to stand, unless there is some defect in it which affects the substantial rights of the parties.

**SAME.**—*Right of Appeal Statutory.*—The right to appeal from a precept is a statutory right; and there is no inherent right of appeal from it.

**SAME**—*Questions Tried on Appeal.*—*Legislature May Restrict.*—The Legislature has the power to declare what questions shall be tried on an appeal, and may preclude parties from litigating such as it may deem properly settled by the decision of the municipal officers.

**SAME.**—*Questions Antecedent to Making of Contract.*—*Transcript, What Included.*—No question that reaches back of the time of the contract for street improvement can be litigated on an appeal from a precept; and no irregularity in the proceedings prior to that time can be drawn in question. The steps taken in the proceedings prior to that time need not be incorporated in the transcript. *Moberry* v. *City of Jeffersonville,* 38 Ind. 198, *McEwen* v. *Gilker,* 38 Ind. 233, and *Kretsch* v. *Helm,* 45 Ind. 438, held to be overruled.

**SAME.**—*Affidavit for Precept Made by Only One Contractor.*—The affidavit of one of two or more joint contractors, to obtain a precept, is sufficient.

**SAME.**—*Description of Lot Assessed.*—*Sufficiency of Affidavit as to.*—If the notice to the property-owner of the amount of the assessment contains a description of the property owned, and such notice is combined with

Reeves *et al. v.* Grottendick *et al.*

the affidavit for a precept, the latter need not contain a description of the lot against which it is desired to obtain a precept.

SAME.—*Sufficiency of Affidavit for a Precept.*—It is sufficient if the affidavit for a precept substantially conform to the statutory requirements; and it need not contain a recapitulation of all the steps that have been taken previous thereto in the proceedings. Section 3165, R. S. 1881. *Balfe* v. *Johnson*, 40 Ind. 235, and *Clements* v. *Lee*, 114 Ind. 397, distinguished.

SAME.—*Appeal from Several Precepts.—Some of Affidavits Insufficient.*—If there is a joint appeal from several precepts, and the several precepts are included in one transcript, and on such appeal the transcript is treated by the appellants as a single complaint, the overruling of a demurrer for want of facts is not an available error in the Supreme Court, even though some of the affidavits for precepts are defective.

SAME.—*Estimates of Costs, Engineer Makes.*—The city civil engineer is the proper officer to make the estimate and apportion the costs to each lot or tract of land.

SAME.—*Variance of Names of Contractors in Precept and Council Proceedings.*—A variance between the names of the contractors as set out in the precept and in the proceedings of the council is immaterial if it reason-ably appears that one and the same person is meant.

SAME.—*Assessment.—What is Sufficient.—Allowing Credit on Former Void Assessments.*—If the estimate of the city civil engineer is adopted and approved by the common council, that is a sufficient assessment; and the fact that the resolution adopting the estimate provides that property-owners who have paid part of former assessments which have been vacated, does not impair the effectiveness of such assessment.

SAME.—*Assessment Void as to Other Property-Owners.*—The owner of property against which a precept to collect an assessment has been issued, can not object to its enforcement on the ground that assessments against neighboring lots are void.

SAME.—*Vacating Void Assessment.—Re-Assessment.—Name of Owner Not Given.*—If an assessment is void for not giving the name of the owner of the lot assessed, it may be vacated by the common council, and a new assessment made. A failure to state the name of a lot-owner correctly is sufficient to warrant a vacation of the asssessment.

LIEN.—*Payment.—Tender.*—To prevent a legal or equitable lien ripening into a title, the owner of the property must pay or tender the amount of the lien.

PRACTICE.—*Theory of Trial Court.—Appeal.*—The appellate tribunal will act upon the theory voluntarily assumed in the trial court.

SPECIAL VERDICT.—*When Sufficient.—Surplusage.*—A special verdict will be sustained if, after eliminating improper matters, it contains facts sufficient to sustain a judgment.

VENIRE DE NOVO.—*Object.—When Effective.*—A motion for a *venire de novo*

Reeves *et al.* v. Grottendick *et al.*

reaches matter of form, and is effective only when the verdict is materially defective.

From the Randolph Circuit Court.

*W. D. Foulke, C. H. Burchenal* and *J. L. Rupe,* for appellants.

*C. C. Binkley, E. L. Watson* and *J. E. Watson,* for appellees.

ELLIOTT, C. J.—Thirty precepts to enforce the collection of assessments levied for the cost of improving a street in the city of Richmond were issued against lots owned by the appellants. From these precepts separate appeals were prosecuted, but the trial court and the parties acted upon the theory that the appeals constituted a single case. The rule is that the appellate tribunal will act upon the theory voluntarily assumed in the trial court, and, under this rule, we shall regard the record as presenting a single case for our consideration.

Our statute provides that the transcript certified to the circuit court by the city clerk shall constitute the complaint of the contractor. This singular provision makes a pleading for a contractor who expends time, money and labor, in improving streets for the benefit of the municipality and private property-owners, and justice requires that it should not be construed with rigid strictness against him. As the officers of the law, and not the party, make the pleading it ought to stand, unless there is some defect in it which affects the substantial rights of the parties. It is by no means every departure from the statute that will warrant the courts in declaring that the contractor has no complaint. If, therefore, we find no error or defect in the proceedings and transcript before us affecting the substantial rights of the appellants, we must uphold the complaint. It is to be borne in mind that the right to appeal from a precept is a statutory right, for there is no inherent right of appeal. *Ex parte McCardle,* 7 Wall. 506; *State, ex rel.,* v. *Slevin,* 16 Mo. App. 541; *Kundinger* v. *City of Saginaw,* 59 Mich.

355; *City of Minneapolis* v. *Wilkin,* 30 Minn. 140; *La Croix* v. *County Commissioners, etc.,* 50 Conn. 321. As the right to appeal is statutory, it is within the power of the Legislature to declare what questions shall be tried on appeal, and to preclude parties from litigating such as it may deem properly settled by the decision of the municipal officers. See authorities cited in Elliott Roads and Streets, p. 272.

The statute provides that " no question of fact shall be tried which may arise prior to the making of the contract for the said improvement under the order of the council," and it also provides that, " if the court and jury shall find upon trial, that the proceedings of the said officers, subsequent to said order directing the work to be done, are regular; that a contract has been made ; that the work has been done, in whole or in part, according to the contract; and that the estimate has been properly made thereon,—then said court shall direct the said property to be sold." Section 3165, R. S. 1881. It is clear that these provisions forbid the property-owners from making any question that reaches back of the contract; and the absence from the transcript of facts or proceedings, affecting matters antecedent to the making of the contract, can not affect the substantial rights of the parties. It is equally clear that irregularities in proceedings prior to the making of the contract can not prejudice such rights. This has often been adjudged. In speaking of an attempt to present questions affecting proceedings anterior to the contract, it was said by BERKSHIRE, J., in *Boyd* v. *Murphy,* 127 Ind. 174, that " The contention of the appellant is in the teeth of the statute." This expresses the result of the decisions upon the subject. *Sims* v. *Hines,* 121 Ind. 534; *Jenkins* v. *Stetler,* 118 Ind. 275 ; *City of Elkhart* v. *Wickwire,* 121 Ind. 331 ; *Ross* v. *Stackhouse,* 114 Ind. 200 ; *Trustees, etc.,* v. *Rausch,* 122 Ind. 167 ; *Johnson* v. *Allen,* 62 Ind. 57 ; *McGill* v. *Bruner,* 65 Ind. 421 ; *City of Fort Wayne* v. *Shoaff,* 106 Ind. 66 ; *Taber* v. *Grafmiller,* 109 Ind. 206 ; *City of Greenfield* v. *State, ex rel.,* 113 Ind. 597 ; *Wiles* v. *Hoss,*

114 Ind. 371; *Clements* v. *Lee,* 114 Ind. 397; *Board, etc.,* v. *Silvers,* 22 Ind. 491; *Palmer* v. *Stumph,* 29 Ind. 329; *Kalbrier* v. *Leonard,* 34 Ind. 497; *Gulick* v. *Connelly,* 42 Ind, 134; *Martindale* v. *Palmer,* 52 Ind. 411. The cases of *Moberry* v. *City of Jeffersonville,* 38 Ind. 198, *McEwen* v. *Gilker,* 38 Ind. 233, and *Kretsch* v. *Helm,* 45 Ind. 438, were in conflict with the much better considered earlier cases, as well as with later ones, and have been overruled. The object of the statute is evident and its effect just. It gives effect to a long existing principle of equity, for it precludes a property-owner, who permits a contractor to improve a street, from defeating a recovery for the work because of errors or irregularities which occurred prior to the time the contract was executed. The statute has much to commend it, nothing to condemn it.

The rule that a property-owner is estopped, by force of the statute, from assailing the proceedings antecedent to the making of the contract disposes of the argument of the appellants' counsel that the transcript is insufficient because of an alleged irregularity in advertising for proposals.

We can not hold that the appellees must lose their cause because the affidavits for the precepts were made by one, only, of the contractors. The affidavit of one person is as effective in such a case as this as that of two persons, and so it has been expressly decided. *Jenkins* v. *Stetler, supra.* The decision in *Ray* v. *City of Jeffersonville,* 90 Ind. 567, does not oppose the conclusion here declared, but, on the contrary, impliedly supports it.

The notice to the property-owners of the amount of the assessment and the affidavit for a precept are, as the record shows, combined. They constitute, in contemplation of law, one instrument. In the former the lot assessed is specifically described, so that there can be no mistake as to the lot against which it was asked that a precept should issue. We think it clear, therefore, that the affidavit does contain a description of the lot.

The contention of appellants' counsel that the affidavit is insufficient because it does not properly show an assessment presents a more difficult question than those we have considered and decided. The statute requires that the affidavit shall state that "the whole or some part of said assessment remains unpaid, showing the amount paid and the amount due ; that the estimate thereof has been duly made, and that the work estimated has been done according to contract." Section 3165, R. S. 1881. The affidavit before us shows the amount of the estimate, the number of lineal feet of frontage, the cost per lineal foot, and that "no dollars" has been paid, and it shows, also, that a specific sum which is definitely designated, remains unpaid. This, we think, is a sufficient statement of the amount due and unpaid. The affidavit does say in terms that the estimate has been duly made, and that the work has been done according to the contract, and this is a sufficient statement as to the estimate. The decision in *Balfe* v. *Johnson,* 40 Ind. 235, is not of controlling influence, because the lot against which the precept is issued in this case is specifically described. There is not here, as in that case, the inclusion of several separate lots in one affidavit, and a gross assessment against all. Here the affidavit states the specific assessment against each particular lot, and each affidavit designates the cost per lineal foot, so that there is no similarity between the two cases. The affidavits do refer to a contract, do designate South Fifteenth street as the street improved, and aver "that more than twenty days have elapsed since the date of the estimate ; that the same was duly made and that the work estimated has been done according to contract between said Grottendick and Cronin and the city." There is, therefore, no such defect as that which existed in the affidavit in *Clements* v. *Lee,* 114 Ind. 397, where the court said : " There is no intelligent reference to any contract which the affiant had theretofore entered into with the common council of the city of Crawfordsville for the improvement of the street de-

scribed in the ordinance directing the work, nor does the affidavit state the amount which had been paid, or that the work was done under a contract entered into with the city council, and that the work so done has been duly estimated." We have examined the record on file in *Clements* v. *Lee, supra,* and find the affidavits radically different from the affidavit contained in the record before us, so that the decision in that case is not influential here. We can not assent to the doctrine that an affidavit must recapitulate all the steps that have been taken, for the statute, as we have seen, declares what it shall contain, and it is sufficient if it substantially conforms to the statutory requirements. There would be little use in requiring a contractor to rehearse to the common council its own acts. It would serve no useful purpose to compel him to convey information already imparted to it by its own records, nor would the property-owner receive the slightest benefit from such a requirement. It would be ineffective and fruitless, and it is evident that the statute exacts no such strictness. We adjudge all the affidavits, save three or four, to be sufficient.

It is probably true that some of the affidavits are defective, but whether they are or not is immaterial, for if there is one good affidavit the transcript can not be condemned. It is an elementary rule that if part of a pleading is good, a demurrer to the entire pleading is unavailing, and that rule applies here, for the appellants have treated the transcript as a single complaint, and as such have assailed it by demurrer. They have also assigned as error the overruling of the demurrer to the complaint, thus treating it as an entirety. Having voluntarily elected to so treat the transcript, by that election they must abide.

It is insisted that the precepts are fatally defective. One of the grounds of objection is that the engineer is not authorized to certify estimates. We think otherwise. Our judgment is that the engineer is the proper officer to make

the estimate, and that it is his duty, under the law, to make it.   *Ray* v. *City of Jeffersonville, supra*;   *Taber* v. *Graf-miller*, 109 Ind. 206;   *Van Sickle* v. *Belknap*, 129 Ind. 558; *Linville* v. *State, ex rel.*, 130 Ind. 210.   See, also, authorities cited in Elliott Roads and Streets, pp. 429, 430.

Another ground of objection to the precepts is, that the names given the contractors do not fully correspond with those appearing in the contract.   We can not yield to the contention that the error in giving the names of the contractors defeats the rights of the contractors to compensation for their work.   It is very clear that such an error could not have prejudiced the appellants, for there can be no doubt as to the persons intended to be designated, nor can there be any doubt as to the improvement referred to, or as to the contract upon which the assessment is founded. The statute declares what the precept shall contain, and these are the statutory provisions:   "Which precept shall be signed by the mayor and attested by the clerk, and sealed with the seal of said city, and shall set forth the name of the person against whom the assessment is made; the description of the lot or land on which it is made; the amount of such assessment; and the date of the estimate."   Section 3165, R. S. 1881.   There is no express requirement that the names of the contractors shall be given, and we do not think that an error in naming them can be regarded as fatal, whether a failure to name them at all would or would not be fatal we do not decide, for there is no such question here, as names are given which are in part correct.

The question in this case is not whether the appellants shall lose title to their property, but the question is, can the contractors enforce the assessment?   There is an essential difference between a case where the question of title is in issue and a case where the question is as to the right to enforce a lien.   Many irregularities available in the one case are of no effect in the other.   Where there is a legal or equitable lien a party may prevent it from ripening into a

title, but to do so he must tender the amount of the lien. *City of Indianapolis* v. *Gilmore,* 30 Ind. 414; *Jackson* v. *Smith,* 120 Ind. 520; *City of Elkhart* v. *Wickwire, supra.* See, also, authorities cited in Elliott Roads and Streets, pp. 386, 388.

The special verdict returned by the jury is needlessly prolix and contains some matters of evidence, and, probably, some conclusions of law, but these matters do not necessarily vitiate it. The rule is that a verdict will be sustained if, after eliminating improper matters, it contains facts sufficient to sustain a judgment. *Terre Haute, etc., R. R. Co.* v. *Brunker,* 128 Ind. 542; *Horton* v. *Hastings,* 128 Ind. 103; *Hamilton* v. *Byram,* 122 Ind. 283. A motion for a *venire de novo* reaches matters of form, and is effective only when the verdict is materially defective. *Bowen* v. *Swander,* 121 Ind. 164; *Louisville, etc., R. W. Co.* v. *Green,* 120 Ind. 367; *Peters* v. *Banta,* 120 Ind. 416. The rules declared by the authorities to which we have referred require the conclusion that there was no error in overruling the appellants' motion for a *venire de novo.*

The transcript shows that the estimate of the engineer was adopted and approved by the common council, and this constituted a sufficient assessment. The fact that the resolution adopting the estimate provides that property-owners who have paid part of former assessments which were vacated does not invalidate it nor impair the effectiveness of the assessment. The provision that payments made shall be duly credited is nothing more than a declaration of what the law implies, for, in reason and in justice, the property-owners were entitled to an allowance for what they had paid. It is, at all events, clear that no harm could possibly result to the appellants, or to any other property-owner, from the provision in the resolution to which we have referred. If the appellants had paid nothing on the assessment (and the record shows they had not), they can not successfully complain even if others could, for the question is, what is the

effect of the proceeding upon them, not what it is upon others?

It is contended that the special verdict does not authorize a judgment, because the assessment is levied upon the whole of each lot and not upon fifty feet in depth as provided by the amendatory act of section 3163, R. S. 1881. This contention can not prevail. The statute which governs this case is not that referred to by counsel, for that statute was repealed by the act of April 13th, 1885. Elliott's Supp., section 753; *Crowell* v. *Jaqua,* 114 Ind. 246; *City of Evansville* v. *Summers,* 108 Ind. 189; *City of Frankfort* v. *State, ex rel.,* 128 Ind. 438. It is the act of 1885, and not the prior act, that governs this case.

The special verdict shows that the first assessment was ineffective because the owner of the lots was given as " Mark Reeves' heirs," and this defect was sufficient to warrant a vacation of the first assessment and the levying of the assessments upon which these proceeding are founded. *Jenkins* v. *Stetler, supra.*

Judgment affirmed.

