62    57
131   110

## JOHNSON v. ALLEN.

CITY.—*Street Improvement.—Ordinance for.—Notice.—Estoppel.*—A contract for the improvement of a public street of a city having been awarded by its common council, and the latter, upon the petition of the owner of property to be charged with the cost of such improvement and with the consent of the contractor, having postponed for a time certain the making of such improvement, such owner can not, on appeal to the circuit court from a precept of the mayor for the collection of the costs of such improvement made according to the petition of such owner, question the passage of the ordinance, and the giving of the notice of letting, necessary to authorize such improvement.

From the Tippecanoe Circuit Court.

*A. Parsons, W. D. Wallace* and *A. Rice,* for appellant
*J. M. Larue* and *F. B. Everett,* for appellee.

WORDEN, J.—This was an appeal to the circuit court from a precept issued by the mayor of the city of Lafay-

ette, for the collection of an assessment for street improvements.

The precept issued in favor of Allen against the property of Johnson.

Demurrer to the transcript for want of sufficient facts overruled, and exception. Such further proceedings were had as that judgment was rendered for the plaintiff.

The appellant has assigned two errors: First, in overruling the demurrer to the complaint, which was the transcript of the proceedings of the common council and the papers in the matter; and, second, in sustaining a demurrer to the second paragraph of the appellant's answer. The last point is not noticed in the brief of counsel for the appellant, and we therefore pass it.

The objection urged to the complaint is, that it does not show that an ordinance was passed by the common council for making the improvement, nor that a proper notice had been given of the letting of the contract for the work. We have not considered the complaint with much care in order to determine whether it shows that a proper ordinance was passed, or the proper notice given of the letting, because we think, from other matters appearing in the complaint, that the appellant is not in a condition to raise any question as to the passage of an ordinance, or the sufficiency of the notice given.

It appears that at a meeting of the city council, held August 5th, 1872, bids were opened, and that of Allen accepted, and that the contract was awarded to him. At a subsequent meeting of the council, held August 12th, 1872, the following petition was laid before the council, signed, among others, by the appellant, Johnson:

" To the Honorable the Mayor and City Council of the City of Lafayette, Indiana:

"GENTLEMEN :—At a late meeting of your honorable body an ordinance was passed for the improvement of Four-

teenth street, between Columbia and South streets; and at the last meeting of the city council the contract for said improvement was awarded to Samuel Allen. Though we, the undersigned property-holders along said street, are confident that your action in ordering said improvement was prompted by the desire to promote the interests of the community, we yet beg leave to state that there exists no immediate necessity for it, especially since the opening of Thirteenth street between Columbia and South will open a communication for the upper part of South street, which is fully adequate to the present wants of the locality. Mr. Allen, the contractor, having kindly consented to postpone the improvement of Fourteenth street until next spring or summer, the undersigned would respectfully petition and pray your honorable body to modify the contract between the city and Mr. Allen in such manner that the improvement of Fourteenth street between Columbia and South will not be undertaken during the present year. Hoping that the Honorable Council will take this petition into kind consideration, and grant our request, we remain, very respectfully, your obedient servants.

(Signed,) "FRANCIS JOHNSON,

"MRS. LAURA PAIGE,

"L. B. STOCKTON.

"I hereby consent to the above request.

"SAMUEL ALLEN, Cont'r."

And thereupon the prayer of the petition was granted by the council and the time for the completion of the work extended until the 1st of June, 1873. These matters appear by the complaint.

In the petition thus filed the appellant conceded the adoption of the proper ordinance for the improvement, made no objection to the contract on the ground that due notice had not been given of the letting thereof, but asked the council to so modify it as that the improvement should

not be undertaken during that year, and the council, with the consent of Allen, the contractor, made the desired alteration.

The time for making the improvement being thus postponed for the accommodation of the appellant, and at his request, we do not think he can now be heard to question the passage of the necessary ordinance, if an ordinance were necessary, or the sufficiency of the notice of the letting of the contract. The petition clearly implied his consent to the performance of the contract after the lapse of that year.

The judgment below is affirmed, with costs.

Opinion filed at November term, 1877.

Petition for a rehearing overruled at May term, 1878.