Powers *et al. v.* The Town of New Haven.

No. 7742.

POWERS ET AL. *v.* THE TOWN OF NEW HAVEN.

TOWN.—*Sidewalks.*—*Power to Compel Building of.*—Under the statutes in force in 1875, the board of trustees of an incorporated town had power to compel the grading and building of sidewalks, whenever, in their opinion, the public convenience required it, and if lot-owners refused to do the work, to let a contract for the improvement, pay the cost out of the treasury and collect the same from such lot-owners by suit.

SAME.—*Authority to Make Improvement.*—*Estoppel of Property-Owner.*—If the owner of property in a town stands by, and, without objecting, permits improvements to be made which benefit his property, he is estopped to afterwards deny the authority of the town to make the improvements.

PLEADING.—*General Denial.*—*Demurrer.*—The Supreme Court must decide a case upon the record as it comes to it, and where the record shows that the trial court sustained a demurrer to an answer of general denial, the error is available.

SAME.—*Joint Answer.*—*Supreme Court.*—*Assignment of Error.*—Where an answer filed in the trial court is the joint answer of all the defendants to the action, infants as well as adults, it must be so considered on appeal, and a joint assignment of error upon a ruling thereon is proper.

From the Allen Circuit Court.

*H. C. Hartman, R. S. Taylor* and *S. L. Morris,* for appellants.

*A. Zollars,* for appellee.

COFFEY, J.—The complaint in this cause alleges that the town of New Haven is a municipal corporation duly organized under the laws of this State; that on the 4th day of August, 1875, the board of trustees of said town being of the opinion that public convenience required that the sidewalks on the north side of Main street, in said town, should be graded and planked or otherwise paved from John Fisher's butcher-shop east to Broadway street, in said town, passed an ordinance to grade and plank said sidewalk between said points, a copy of which ordinance is filed with and made a part of the complaint; that after the passage of said ordinance, notice was duly given to each of said defendants by the duly authorized agents of said town to grade and plank or gravel said sidewalk in front of their said lots in accordance with the provisions of said ordinance, said sidewalk being in front of and adjoining said lots; that defendants neglected and refused to either gravel or plank or grade said walks in front of said lots; that after such refusal, to wit, on the 13th day of October, 1875, said board of trustees ordered the marshal of said town to make and post up notices for bids for the grading and planking of said sidewalks between said first mentioned points, and adopted specifications according to which said work should be bid for, and according to which said grading and planking should be done, a copy of which said specifications is filed with the complaint; that said marshal on or about the 14th day of October, 1875, did post up said notices in which was also a copy of said specifications, and said notices were so posted up for more than ten days at the most public places in said town; that after said notices had been so posted for more than ten days, the said marshal of said town received bids for the doing of said work, and Anthony Bingnot, being the lowest and best

bidder, the said marshal let to him the doing of said work for the sum and price of one hundred and forty dollars; that said Bingnot at once commenced said work and completed it before the 6th day of November, 1875, in accordance with the specifications aforesaid; that on the 6th day of December, 1875, the said board of trustees being in session at a regular meeting, said marshal reported to them the cost of said work, being one hundred and forty dollars, which was duly audited by said board of trustees, and the amount, one hundred and forty dollars, paid to said Anthony Bingnot out of the treasury of said town; that the said defendants during the time said ordinance was being passed, and at the time said work of grading and planking said sidewalk was commenced and was being done, were well aware of the fact, and although they stood by and allowed said work to be done without objection, yet they have ever since refused, and still refuse, to pay the cost of the same or any part thereof. In the copy of the ordinance filed with the complaint, the lots in question are described as lots Nos. 21, 22, 23, and 24, on the old plat of the town of New Haven.

Subsequent to filing this complaint, the plaintiff filed a supplemental complaint, which, after reciting the allegations in the original complaint, alleges that on the —— day of —— ——, 1876, the defendant, Volney Powers, died intestate, and that his interest in said lots descended to, and became the property of, Jesse Powers and Maggie Powers, who are made parties defendant.

A demurrer to this complaint, for want of sufficient facts to constitute a cause of action, was overruled by the court, and the appellants excepted. The appellants filed an answer to this complaint, consisting of thirteen paragraphs.

The first is a general denial.

The second avers that the appellants protested against the work referred to in the complaint on the ground that it was being done without their consent and without authority.

The third avers that the improvement specified in the

ordinance filed with the complaint is for less than one square, viz.: for four-tenths of one square, or block.

The fourth avers that the ordinance filed with the complaint is void, because said board of trustees declared therein that in their opinion the public convenience required that the sidewalk on the north side of Main street should be graded and planked, or covered with gravel; that said ordinance does not compel the owners of lots adjoining said street to grade and pave, or plank the same; that instead thereof it orders that the owners of lots Nos. 21, 22, 23 and 24, adjoining such street, shall grade, plank or gravel the same along the north side of Main street from John Fisher's butcher shop to Broadway street; that there are other lots than those named in said ordinance adjoining such street on the north side, the owners of which are not compelled by said ordinance to grade or pave the same in front of their lots.

The fifth avers that the ordinance filed with the complaint is void, because the defendants are ordered to grade, plank, or cover with gravel the sidewalks on the north side of Main street from John Fisher's butcher shop east to Broadway street; that said butcher shop is situated ten feet west from the southwest corner of said lot twenty-four, and not upon or adjoining any of said lots; that said ten feet is in front of and adjoining lot six; that said lot No. 6 never was owned by these defendants, or either of them.

The sixth avers that two-thirds of the resident owners of real estate in number or value have not petitioned for the improvement in said ordinance specified; that a majority of all the resident owners on said street, or on the north side thereof, or on the square in which said lots are situated, have not petitioned for the said improvement, and that said improvement so ordered to be made by said ordinance is for less than one square or block.

The seventh avers that at the time of passing said ordinance there was no building on the north side of said Main street known as John Fisher's butcher shop.

Powers *et al. v.* The Town of New Haven.

The eighth avers that neither the plaintiff nor Anthony Bingnot has graded, planked, or covered said sidewalk with gravel according to the terms of said ordinance, but instead thereof the said Bingnot has erected a trestlework, in the nature of a bridge six feet high from the ground, with high railing on either side thereof, to wit, three feet high, completely cutting off all ingress and egress to and from said lots.

The ninth avers that the plaintiff has never established any grade on said Main street; that the height of the crown of said Main street at the time of the passage of said ordinance was irregular, varying in front of said improvements from six inches to two feet from a level from highest point to highest point.

The tenth avers that the plaintiff passed and enacted an ordinance No. 6 on the 13th day of March, 1867, and passed and enacted an amendment or amended ordinance No. 6 on the 27th day of June, 1867, requiring sidewalks to be made in front of said lots 21, 22, 23 and 24, and elsewhere, and providing that the grade then given should be the grade of said sidewalk until a permanent grade should be established; that the owners of said lots fully complied with the requirements of said ordinance No. 6, to the acceptance of the street commissioner of said town; that since then the plaintiff has never established a permanent grade for said sidewalk.

The eleventh avers that the plaintiff has wrongfully erected a trestlework in front of the lots described in the complaint, pursuant to an ordinance, preventing ingress and egress to said lots to the damage of the defendants in the sum of $300, and they seek to recover judgment for such damages.

The twelfth avers that at the time of passing the ordinance set out in the complaint, and before, and ever since, there has been published and in general circulation in said town a newspaper called the New Haven Palladium; that no other paper was at said time, to wit, August, 1875, published in

said town; that said ordinance was not published in said newspaper.

The thirteenth is the same as the twelfth, except that it avers in addition that the ordinance was not posted in five public places in said town before the advertisement for bids, as averred in the complaint was made by the marshal of said town for said work.

The court sustained a demurrer to each of the foregoing answers, and the appellants excepted.

A trial of the cause resulted in a finding for the appellee, and a decree ordering said lots, or so much thereof as might be necessary, sold to pay the amount found due.

The appellants assign as error:

1st. That the court erred in overruling the motion for a new trial.

2d. That the court erred in overruling the motion in arrest of judgment.

3d. That the complaint does not contain facts sufficient to constitute a cause of action.

4th. That the court erred in overruling the demurrer to the complaint.

5th. That the court erred in sustaining the demurrer to the several paragraphs of the answer.

Under the statute in force at the time the work in controversy was done, the board of trustees of any incorporated town in this State had the power to compel the grading and building of sidewalks upon any street, when in their opinion the public convenience required it. If the owners of the lots adjoining such sidewalk failed or refused, when properly required by such board of trustees to grade and pave, or plank such sidewalk, it was made the duty of the marshal of such town forthwith to let out the grading, and paving or planking of such sidewalk to the lowest bidder, first giving ten days' notice by posting up written notices thereof in three public places in such town for that length of time. When such work was completed it was the duty of the

marshal to report the same, with the cost thereof, to the board of trustees, whose duty it was to audit the cost of such work and pay the same out of the town treasury as other claims against the corporation were audited and paid. The trustees were then authorized to collect the same immediately by suit against the owners of the lots adjoining such improvement, and to enforce such claims as a lien against the lots. 1 R. S. 1876, p. 896.

The complaint shows a substantial compliance with law in making the improvement therein set out. In addition to this it is averred that the appellants, while the ordinance was being passed and while said improvements were being made, with a full knowledge of the same, stood by and made no objection thereto and permitted the same to be done.

It is now quite well settled that if the owner of property in a city stands by and permits improvements to be made which benefit such property, and makes no objection to such improvement, he will be estopped from denying the authority of such city to make the improvements. *Taber* v. *Ferguson*, 109 Ind. 227 ; *Ross* v. *Stackhouse*, 114 Ind. 200; *City of Evansville* v. *Pfisterer*, 34 Ind. 36 ; *Jenkins* v. *Stetler*, 118 Ind. 275 ; *Johnson* v. *Allen*, 62 Ind. 57.

This doctrine of estoppel does not rest wholly upon the statutes, as contended by the appellants, but it rests upon the reasonable ground that it would be inequitable to permit a party to stand by and permit others to make improvements for the benefit of his property, without objecting, and hold such benefits and refuse to pay for the same. We see no reason why the doctrine should not be applied to improvements made in towns as well as cities. We think the complaint states a good cause of action and that the court did not err in overruling the demurrer thereto.

It follows from what we have said that each of the affirmative answers pleaded by the appellants is bad. Each of said paragraphs, except the eleventh, attempts to answer the whole complaint, and each ignores the estoppel set up in the

Powers *et al. v.* The Town of New Haven.

complaint. We know of no principle of law upon which the eleventh paragraph of the answer can be sustained. We do not think the court erred in sustaining the demurrer to the several affirmative answers of the appellants. The court did err, however, in sustaining the demurrer to the first paragraph of the answer.

No doubt the condition of the record was brought about by some mistake, as contended by appellee, but we must try the case by the record as it comes to us.

It is contended by the appellee that no injury could have been sustained by the appellants by reason of sustaining the demurrer to the general denial, inasmuch as the record discloses the fact that the guardian *ad litem* afterwards filed a denial to the complaint, and there was a trial. The evidence is not in the record, and we are, therefore, unable to say what did occur at the trial.

It appears by the record that one of the appellants is an infant. It is contended that as such fact appears, we must presume that the answer filed in the circuit court was the answer of the adult defendants alone, and that, hence, the assignment of error here should have been on behalf of the adult defendants alone, and not a joint assignment.

The answer filed in the circuit court, however, is the joint answer of all the defendants, and we are not at liberty to presume that it is an answer of part of them only. Being a joint answer the error assigned here may be joint.

Judgment reversed, with directions to overrule the demurrer to the first paragraph of the answer, and for further proceedings not inconsistent with this opinion.

Filed June 20, 1889; petition for a rehearing overruled Oct. 16, 1889.