CHESTNUT *v.* SOUTHERN INDIANA RAILWAY COMPANY.

[No. 19,578. Filed December 10, 1901.]

APPEAL AND ERROR.—*Record.—Bill of Exceptions.—Precipe.—*Where the precipe filed by appellant directed the clerk to prepare and certify a "full, true, and complete transcript of the proceedings, papers on file, and judgment" in the cause, the action of the clerk in certifying the original bill of exceptions was unauthorized, and the same is no part of the record on appeal. *pp. 511-514.*

| 157 | 509 |
| 158 | 174 |
| 158 | 669 |

| 157 | 509 |
| 159 | 366 |

| 157 | 509 |
| 160 | 455 |

| 157 | 509 |
| f 161 | 415 |
| 162 | 442 |

| 157 | 509 |
| 163 | 448 |

| 157 | 509 |
| 165 | 50 |

| 157 | 509 |
| 166 | 70 |

| 157 | 509 |
| f170 | 76 |

---

Chestnut v. Southern Indiana R. Co.

---

APPEAL AND ERROR.—*Trial.*—*Harmless Error.*—Where the verdict of the jury was adverse to plaintiff upon the issue of his right to recover in an action for personal injuries, error in excluding evidence relating solely to the degree of the injury was harmless.   *p. 514.*

MASTER AND SERVANT. — *Personal Injuries.* — *Railroads.* — *Special Findings.*—In an action against a railroad company for personal injuries caused by the breaking of a brake staff the special findings disclosed that the defect in the staff consisted of a flaw in the metal which was hidden from view and observation, and could not be discovered without removing the ratchet wheel; that the car had been purchased of a manufacturer of cars of good repute, had been inspected on the day previous to the accident, and that an inspection of the car and staff made in the usual manner would not disclose the defect.   *Held,* that the court properly overruled a motion for judgment for plaintiff on the findings.   *pp. 514, 515.*

APPEAL AND ERROR.   *Instructions.*—*Evidence Not in Record.*—Where the evidence is not in the record, a judgment will not be reversed because of alleged erroneous instructions unless the instructions are wrong under any supposable state of facts that could have been proved under the issues.   *pp. 515, 516.*

TRIAL.—*Interrogatories.*—*Appeal and Error.*—Available error cannot be predicated upon the action of the court in refusing to permit counsel to read to the jury interrogatories submitted under §555 Burns 1901, it appearing that the complaining party was accorded the privilege of reading the interrogatories and commenting upon them to the jury from memory.   *pp. 516, 517.*

From Lawrence Circuit Court; *W. H. Martin,* Judge.

Action by Lafayette Chestnut against the Southern Indiana Railway Company for damages on account of personal injuries. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*J. R. East, R. H. East* and *McHenry Owen,* for appellant.

*F. M. Trissal, T. J. Brooks* and *W. F. Brooks,* for appellee.

JORDAN, C. J.—Action below by appellant to recover for personal injuries sustained while in the service of appellee in its yards at the city of Bedford. The injury in question is attributed to a defective brake staff, which, when being handled by appellant, broke near the ratchet wheel,

and thereby he was thrown from the car and severely in-
·jured. The complaint charges the negligence of the appel-
lee to be as follows: "That the defendant was negligent
and careless in this, to wit: That in the construction, the
brake staff on car number 814, and the one which caused
the injury hereinafter alleged, was made of inferior metal,
and had been slightly bent above the ratchet wheel, and
that said brake staff so constructed had at some time prior
to said date been cracked, and had a flaw in it which ren-
dered it easily broken and dangerous to defendant's em-
ployes, in attempting to set the same; that for three months
prior to said date defendant knew, or with a reasonable in-
spection could have known, that said brake staff was made
of defective material; had a flaw in the staff; that it was
cracked almost entirely across, leaving but a small part of
the staff attached together; that it was wholly unfit for the
use it was put to on said car, and that its use in its con-
dition was dangerous, unsafe to defendant's employes, etc.,"
The absence of knowledge of all of these matters on the part
of plaintiff is alleged in the complaint. Damages in the
sum of $20,000 are demanded.

The complaint was held sufficient on demurrer and ap-
pellee answered by a general denial. On December 22,
1900, the cause was submitted to a jury for trial, and a ver-
dict in favor of the appellee was returned, together with
answers to a series of interrogatories submitted to the jury
by the court. Motions by appellant for judgment on the
answers to the interrogatories, and for a new trial, were
each denied, and judgment for costs was rendered against
him. The errors assigned are based on the rulings denying
these respective motions.

The principal points which counsel for appellant seek to
have reviewed relate to the giving of certain instructions
and to the admission and exclusion of certain evidence.
The original bill of exceptions containing the original long-
hand manuscript of the evidence, together with the rulings

of the court in admitting and excluding evidence, has been certified to this court as a part of the record in this appeal. · The transcript discloses that appellant, by his counsel, filed in the office of the clerk of the lower court a precipe which is appended to the record, whereby he requested and directed that the clerk make out and certify a transcript of the proceedings and record, as follows: *"Lafayette Chestnut* v. *Southern Indiana Railway Company,* Lawrence Circuit Court. The clerk of the Lawrence Circuit Court will prepare and certify a full, true, and complete transcript of the proceedings, papers on file, and judgment in the above entitled cause, to be used on appeal to the Supreme Court. East, East & Owen, attorneys for plaintiff." Immediately after this precipe appears the general certificate of the clerk, which is as follows: "Certificate to transcript. State of Indiana, Lawrence county, ss: I, Isaac H. Crim, clerk of the Lawrence Circuit Court of said State, do hereby certify that the above and foregoing transcript contains full, true, and complete copies of all the papers and entries in said cause. In witness whereof I hereunto set my hand and affix the seal of said court, at the city of Bedford, Indiana, this 29th day of January, 1901. Isaac H. Crim, clerk Lawrence Circuit Court." Following this certificate appears what purports to be the original bill of exceptions embracing the evidence given upon the trial and also purporting to exhibit the rulings of the court in admitting and rejecting certain evidence. To this bill the clerk has attached a special certificate whereby he certifies that such bill of exceptions is the original which was filed in his office "and is now incorporated into and made a part of the record in said cause without copying."

Under the rule asserted and enforced in *Johnson* v. *Johnson*, 156 Ind. 592, the evidence and the rulings of the court in admitting and excluding testimony are not properly before us, and cannot be considered in this appeal for any purpose. In *Johnson* v. *Johnson, supra,* this court said:

"Only such papers and entries as are designated in said precipe are properly a part of the record on appeal. Said precipe did not direct or request the clerk to certify to this court said original bill of exceptions containing the evidence, in any manner. Under such conditions if said original bill of exceptions containing the evidence was embodied in the transcript, and properly authenticated, the same would not be a part of the record and could not be considered. *McCaslin* v. *Advance Mfg. Co.*, 155 Ind. 298, and cases cited; *Brown* v. *Armfield*, 155 Ind. 150."

By the act of 1897, Acts 1897, p. 244, §638a Burns 1901, the clerk of the lower court is authorized to certify to this court on the appeal of a cause the original bill of exceptions containing the evidence and the rulings of the court in respect to the admission and rejection of evidence, etc., instead of a copy thereof only upon the request of the appealing party. *Adams* v. *State,* 156 Ind. 596, p. 600 of the opinion. In fact, this is the plain wording of the statute of 1897, *supra,* and is not open to construction. It is expressly disclosed by the precipe in this case that appellant directed the clerk below to prepare and certify a "full, true, and complete transcript of the proceedings, papers on file, and judgment in the above entitled cause, to be used on appeal to the Supreme Court." Under the directions given to the clerk in the precipe in question it became his duty to certify to this court a transcript or copy of the original bill of exceptions containing the evidence and the rulings of the court in the admission or exclusion of testimony, and his act in certifying the original bill was, under the statute, unauthorized. Where the clerk of a trial court has certified to this court on appeal of a cause the original bill of exceptions embracing the evidence, we will presume that the clerk has done so upon the request of the appealing party in discharge of the duty enjoined upon him by the statute in question, in the absence of anything appearing in

the record to the contrary. But we can indulge in no such presumption in this case in the face of the positive direction or request of the appellant appearing herein, to the effect that a transcript or copy of the original bill should be prepared by the clerk and certified as a part of the record in this appeal. As the bill of exceptions in controversy is not in the record, consequently there is nothing to disclose to us what evidence was given upon the trial of the cause or to exhibit the rulings of the court on the admission or rejection of the testimony of which appellant complains; hence, none of the questions in respect to such rulings can be considered. Again, upon another view, it appears by the argument in the briefs filed by the respective parties, that a part of the testimony, at least about the admission of which appellant complains, relates solely to the degree of the injury which he had sustained by reason of the accident. Consequently such evidence could have a bearing only on the question of the amount of damages which should be awarded in the event it was found that, under the evidence, the appellant was entitled to a recovery upon his cause of action. As the verdict of the jury was adverse to him upon the issue of his right to recover, the exclusion or admission of any evidence bearing upon the question of the amount of damages, under the circumstances, would be harmless. *Ellis* v. *City of Hammond, ante,* 267.

The findings of the jury upon the interrogatories disclose that the defect in the brake staff consisted of a flaw in the metal which was hidden from view or observation; that this defect in the staff could not have been discovered without loosening and removing from its place the ratchet wheel from said staff; that the car upon which the brake staff had been placed in the construction of the car was purchased in March, 1898, by appellee, from a manufacturer of cars in good repute and of a recognized standing in the manufacture of cars. On the day previous to the accident appellee made an inspection of the car in controversy, but the

jury find that an inspection of the car and staff made in the usual and customary manner would not disclose the defect in the brake staff.   These findings were certainly in harmony with the general verdict and no error can be predicated on the action of the court in overruling appellant's motion for judgment thereon.

We have examined the instructions about which appellant complains, and are of the opinion that none of them can be considered faulty or wrong upon any supposable state of facts that might have been proved within the issues in the case.   Consequently we must be controlled by the rule asserted in *Rapp* v. *Kester,* 125 Ind. 79; *Wenning* v. *Teeple,* 144 Ind. 189.   In the absence of the evidence we are bound to presume that the instructions in question were applicable thereto.   It was not essential for appellant to incorporate into the record all of the evidence given in the cause in order to present for a review by this court purely legal questions arising on the giving or refusal of instructions or on the rulings of the court in admitting or excluding evidence. He was at liberty to have pursued the method provided by §662 Burns 1901, §650 Horner 1897, and prescribed by the rule asserted in *Mercer* v. *Corbin,* 117 Ind. 450, 3 L. R. A. 221, 10 Am. St. 76; *Jones* v. *Foley,* 121 Ind. 180; *McCoy* v. *State ex rel.,* 121 Ind. 160; *Bain* v. *Goss,* 123 Ind. 511; *Wright* v. *City of Crawfordsville,* 142 Ind. 636. Where, however, an appealing party, as in this case, assumes to bring all of the evidence into the record by a bill of exceptions, and elects to present his appeal by that method, he must pursue the course pointed out by the decisions of this court which control in such cases, and where for any reason the evidence is not properly before us, he can not successfully demand a reversal of the judgment on the ground of erroneous instructions, unless he shows that some one or all thereof are radically wrong under any supposable state of facts that could have been proved under the issues of the case, and that such instruction or instructions direct the

minds of the jury to an improper or wrong basis upon which to found their verdict. *Rapp* v. *Kester,* 125 Ind. 79.

It is disclosed by a bill of exceptions that on the trial of the cause and after the evidence had been closed, but before the argument in the case had commenced, that the court announced that it would submit to and instruct the jury to answer certain interrogatories numbered from one to twenty-eight, in the event they agreed on a general verdict; that counsel for appellant in opening the argument to the jury requested the court to allow him to read each of said interrogatories to the jury and comment thereon in his argument. This request, over appellant's exception, the court denied. Thereafter counsel for appellant took copies of the interrogatories numbered from twelve to seventeen and attempted to read each of them to the jury, and to advise the jury how to answer them according to the evidence. This the court would not permit, but announced to counsel for appellant that he might argue the facts in the case fully to the jury, but that he must argue them in respect to the said interrogatories from memory only; that he would not be permitted "to take the interrogatories to the jury and tell the jury how to answer the same." By this ruling it is insisted that the court erred. In this contention we cannot concur. By §1 of an act approved March 4, 1897 (Acts 1897, p. 128), §555 Burns 1901, it is provided: "That in all actions hereafter tried by a jury, the jury shall render a general verdict, but in all cases when requested by either party, the court shall instruct them when they render a general verdict to find specially upon particular questions of fact to be stated to them in writing in the form of interrogatories on any or all the issues in the cause," etc.

We know of no rule or principle declared either by any statute in force in this State or by what is commonly denominated the "unwritten law" which required the court to award to appellant the particular right which his counsel demanded. The privilege of reading to the jury either the

original interrogatories or copies thereof as demanded by counsel was purely a matter of favor with the court, which it might either grant or deny. It does not appear that counsel for appellant was not accorded the privilege of examining the interrogatories which the court announced he would submit to the jury, but it does expressly appear that he was permitted to argue fully all of the facts and evidence in the case and to argue from his memory in respect to the interrogatories and the evidence and facts bearing thereon by which the jury was to be controlled in returning their answers thereto. This was all that appellant, under the circumstances, was entitled to demand. The object of the statute authorizing the submission of interrogatories to the jury is not for the purpose of permitting counsel for the respective parties to read them to the jury, but is intended to enable the jury under the evidence to find specially upon particular and material questions of fact, in the event they return a general verdict.

Finding no available error the judgment is affirmed.