McCabe *v.* Browder.

---

## McCabe et al. *v.* Browder, Administrator.

[No. 3,913.    Filed December 20, 1901.    Transfer denied June 18, 1902.]

Appeal and Error.—*Transcript.—Precipe.—Evidence.*—Where appellant directed the clerk by precipe, under §661 Burns 1901, to make a transcript of certain specified portions of the record of a cause, not including the evidence, the clerk had no authority to attach thereto the original manuscript of the evidence, and under such circumstances the same is not properly a part of the record although certified under the seal of the court.

From Marion Circuit Court; *H. C. Allen,* Judge.

Action by Wilber F. Browder, administrator of the estate of Mary Schwacke, deceased, against Frank R. McCabe and others, to recover personal property belonging to said estate alleged to have been converted by defendants. From a judgment in favor of plaintiff, defendants appeal. *Affirmed.*

*E. P. Ferris* and *W. W. Spencer,* for appellants.

*V. G. Clifford, W. F. Browder* and *W. S. Moffett,* for appellee.

WILEY, J.—Appellee was plaintiff below, and prosecuted this action against the appellants for the alleged conversion of personal property belonging to the estate of Mary Schwacke, represented by appellee. The complaint was in four paragraphs, but, as no question is raised as to its sufficiency, it is unnecessary to state in detail its various allegations. It is sufficient to say, in brief, that each of the paragraphs charge that appellants wrongfully took possession of a large amount of personal property belonging to said estate, converted it to their own use, and on demand refused to turn it over to the administrator. The appellants each answered by a general denial, and upon the issues thus joined the cause was submitted to a jury for trial, resulting in a general verdict for appellee, and with the general verdict the jury found specially by way of answers to interrogatories. Preceding the trial appellee moved to suppress certain parts of depositions that had been taken to be used in the trial, which motion was sustained by the court. The question thus raised is saved by a bill of exceptions. Appellants moved for a new trial, which motion was overruled, and the overruling of such motion is the only error assigned.

Appellants rested their defense upon the proposition that the decedent Mary Schwacke, during her lifetime, gave all of her personal property to the appellant Martha W. McCabe, and put her in possession thereof. The questions presented by the motion for a new trial may be classified and

stated as follows: (1) Because the verdict is contrary to law, and not sustained by sufficient evidence; (2) that the court erred in sustaining appellee's motion to suppress and strike out parts of the deposition of one Nathan Rosenberger; (3) that the court erred in refusing to give certain instructions timely tendered by appellant; (4) that the court erred in excluding from the jury material and competent evidence offered by appellants; and (5) because the court erred in giving to the jury, on its own motion, certain instructions.

The instructions tendered by appellants and refused, together with the exceptions thereto, and all instructions given by the court, are brought into the record by a bill of exceptions. Every question presented by the motion for a new trial, except those which relate to the giving and refusing to give certain instructions, depends for its determination upon the evidence. It follows, therefore, that if the evidence is not in the record, these questions can not be considered.

The clerk below made up and certified the record according to the written directions of appellants' counsel, and by such written directions the clerk was requested to make a transcript of the pleadings, and entries of record pertaining thereto; the publication of depositions, with appellee's motion to strike out and suppress parts thereof, together with the entries of record showing the action of the court thereon; also appellants' bill of exceptions, bringing such motion and the ruling thereon into the record; also the impaneling of the jury and the entry records of the trial, with the instructions of the court and appellants' exceptions thereto; also the verdict of the jury, and answers to interrogatories; also the appellants' motion for a new trial, and the ruling of the court thereon, the final judgment and the order-book entry relating thereto; also the copy of the appeal bond and its approval, with the order-book entries showing the same, and the final entry in the order-book of April

10, 1900, showing the filing by the clerk of the original longhand manuscript of the evidence as made by the official reporter. Immediately following this precipe, as it appears in the record, is a certificate of the clerk, which certified, "That the above and foregoing transcript contains, as shown by the records and papers in my custody and office, a true, full, correct, and complete copy of all the pleadings in said cause No. 9,665, with the order-book entries pertaining to the same, and all papers and the file marks thereon and proceedings in said cause, as ordered by the written directions of the defendant's attorneys herewith and hereto appended."

On April 10, 1900, and immediately preceding said precipe, is an order-book entry showing that appellants filed with the clerk, in open court, the original longhand manuscript of the evidence as made by the official reporter. Immediately following the certificate just set out is what purports to be the original longhand manuscript of the evidence. At the conclusion of the transcript of the evidence appears the certificate of the official reporter, which is in usual form, and which certifies that he took down the evidence in shorthand and transcribed it, showing the execeptions taken to the rulings of the court on the admission and rejection of evidence, and that the transcript contains all the evidence given in said cause. Immediately following this certificate of the stenographer, is the following: "I, Henry Clay Allen, judge of the Marion Court of Marion county, State of Indiana, do hereby certify that the foregoing transcript made by William S. Garber, official reporter, is correct, and contains all the evidence given in said cause. Signed this April 10, 1900." This certificate does not designate any court defined by the Constitution or statute, but it is evident that it was intended to designate the Marion Circuit Court and we will so treat it. Then follows the final certificate of the clerk in these words: "I, George B. Elliott, clerk of the Marion Circuit Court, do hereby certify that the above and foregoing transcript is the

transcript of the evidence filed in my office by William S. Garber, official reporter, appointed and sworn to faithfully perform his duty as such reporter; and I further certify that the certificate hereto attached, and as set out above, is that of Henry Clay Allen, sole judge of the circuit court of Marion county, Indiana; and I further certify that this transcript was filed in my office on the 10th day of April, A. D. 1900."

We are clearly of the opinion that the evidence is not in the record, under any provision of the statute, or under any rule declared by the courts. Counsel, by their precipe, directed the clerk just what to embrace in the transcript, and they wholly omitted to direct him to certify the original longhand manuscript of the evidence. In the case of *Johnson* v. *Johnson,* 156 Ind. 592, the record on appeal was made in accordance with a precipe filed with the clerk, as provided by §661 Burns 1894. By said precipe the clerk was not directed to certify the original bill of exceptions containing the evidence. The court said: "Only such papers and entries as are designated by said precipe are properly a part of the record on appeal. Said precipe did not direct or request the clerk to certify to this court said original bill of exceptions containing the evidence in any manner. Under such conditions if said original bill of exceptions containing the evidence was embodied in the transcript, and properly authenticated, the same would not be a part of the record and could not be considered."

In the case of *Chestnut* v. *Southern Indiana R. Co.,* 157 Ind. 509, it was said: "By the act of 1897, Acts 1897, p. 244, §638a Burns 1901, the clerk of the lower court is authorized to certify to this court on the appeal of a cause, the original bill of exceptions containing the evidence and the rulings of the court in respect to the admission and rejection of evidence, etc., instead of a copy thereof only upon the request of the appealing party. *Adams* v. *State,* 156 Ind. 596, p. 600 of the opinion. In fact, this is the plain

McCabe *v.* Browder.

wording of the statute of 1897, *supra,* and is not open to construction. It is expressly disclosed by the precipe in this case that appellant directed the clerk below to prepare and certify a 'full, true, and complete transcript of the proceedings, papers on file and judgment in the above entitled cause, to be used on appeal to the Supreme Court.' Under the directions given to the clerk in the precipe in question, it became his duty to certify to this court a transcript or copy of the original bill of exceptions containing the evidence and the rulings of the court in the admission or exclusion of testimony, and his act in certifying the original bill was, under the statute, unauthorized. Where the clerk of a trial court has certified to this court on appeal of a cause the original bill of exceptions embracing the evidence, we will presume that the clerk has done so upon the request of the appealing party in discharge of the duty enjoined upon him by the statute in question, in the absence of anything appearing in the record to the contrary. But we can indulge in no such presumption in this case in the face of the positive direction or request of the appellant appearing herein, to the effect that a transcript or copy of the original bill should be prepared by the clerk and certified as a part of the record in this appeal." See, also, *McCaslin* v. *Advance Mfg. Co.,* 155 Ind. 298, and cases cited; *Brown* v. *Armfield,* 155 Ind. 150.

In the case we are now considering, the clerk below was given specific directions under §661 Burns 1894, §649 Horner 1897, just what counsel for appellants desired embraced in the record on appeal. In obedience to the directions given by the precipe, the clerk had no authority to attach to the record the original longhand manuscript of the evidence, as furnished by the official reporter, and under the authority cited, although it is attached to the record and certified under the seal of the court, it does not become a part of the record. It follows from these authorities that the evidence is not in the record.

In *Chestnut* v. *Southern Indiana R. Co.,* 157 Ind. 509, it was said: "As the bill of exceptions in controversy is not in the record, consequently there is nothing to disclose to us what evidence was given upon the trial of the cause or to exhibit the rulings of the court on the admission or rejection of the testimony of which appellant complains; hence, none of the questions in respect to such rulings can be considered."

This disposes of every question presented by the motion for a new trial, except the one relating to the instructions. The evidence not being in the record, instructions will not be held erroneous if they correctly declare the law upon any state of facts that might properly have been before the jury under the issues. *Rapp* v. *Kester,* 125 Ind. 79; *Stevens* v. *Stevens,* 127 Ind. 560; *Coal Bluff, etc., Co.* v. *Watts,* 6 Ind. App. 347; *Fifth Ave., etc., Bank* v. *Cooper,* 19 Ind. App. 13; *Chestnut* v. *Southern Indiana R. Co.,* 157 Ind. 509. By an examination of the instructions we are clearly of the opinion that the rule just stated was not infringed.

Judgment affirmed.