## DREW v. TOWN OF GENEVA.

[No. 19,757.    Filed October 30, 1902.]

MUNICIPAL CORPORATIONS.—*Lien for Sidewalk Improvements.*— *Complaint.*—The contract between a town and a contractor for the improvement of a sidewalk is not the foundation of an action to foreclose the statutory lien against abutting property for such improvement, and the failure of the complaint to aver that the contract was in writing is not an omission to state a fact essential to plaintiff's cause of action.  *pp. 364, 365.*

APPEAL.—*Precipe.*—*Transcript.*—*Bill of Exceptions.*—Where the precipe filed by appellant directed the clerk to "prepare and certify a full, true, and complete transcript of the following proceedings, papers on file, judgment and decree" in the cause, the action of the clerk in certifying the original bill of exceptions was unauthorized, and the same is no part of the record on appeal. *pp. 365, 366.*

From Jay Circuit Court; *J. M. Smith*, Judge.

Suit by the town of Geneva against William Drew. From a decree for plaintiff, defendant appeals.  *Affirmed.*

*F. H. Snyder,* for appellant.

*J. W. Headington* and *O. S. Whiteman*, for appellee.

JORDAN, J.—Appellee, an incorporated town situated in Adams county, Indiana, commenced this action to recover of appellant, an abutting owner, the cost of paving a certain sidewalk in said town.   The improvement in controversy was made in pursuance of §§4394, 4396 Burns 1901, and this action was instituted under §4397 of the same statute.   The venue was changed from the Adams to the Jay Circuit Court, wherein, on a trial before the court, appellee was awarded $35.90, and a decree foreclosing the statutory lien for that amount.   The appeal from that judgment comes to this court by reason of appellant's contention that the evidence discloses that the ordinance under which the paving of the sidewalk was made and the proceedings thereunder are invalid.

The errors assigned are (1) that the complaint does not state facts sufficient to constitute a cause of action; (2)

that the court erred in overruling the motion for a new trial. The infirmity imputed to the complaint is that it fails to aver that the contract between appellee and the party to whom the work of paving the sidewalk was let was in writing. The pleading does, however, disclose that the work was let as provided by the statute, and that appellee entered into a contract with the person therein named for the performance of said work. It is true that it is not expressly alleged that such contract was in writing. While §4396, *supra,* does not in express terms provide that there shall be a written contract between the town and the contractor for the performance of such work, nevertheless the proper town authorities, in the orderly exercise of the powers invested in them in such proceedings as the one at bar, ought to require that the agreement of the person to whom the work is let should be reduced to writing. The contract, however, between the town and the contractor in proceedings like this is not the foundation of the action foreclosing the lien, and the failure of the complaint to aver that the contract therein mentioned was in writing is not an omission to state a fact essential to appellee's cause of action. An examination of the complaint discloses that it is substantially a copy of one held to be sufficient in *Powers* v. *Town of New Haven,* 120 Ind. 185. It also substantially follows the form of complaint given in Thornton, Mun. Law (3d ed.), 485.

All the other questions discussed by counsel for appellant depend for their solution entirely upon the evidence. By a written precipe which is appended to the transcript in this appeal, and which was made under and in pursuance of the provisions of §661 Burns 1901, appellant, by his counsel, directed the clerk of the lower court to "prepare and certify a full, true, and complete transcript of the following proceedings, papers on file, judgment, and decree, to wit." Here follows an enumeration or mention of the papers, documents, and entries in the cause which the clerk

is directed to transcribe and certify, such transcript to be used, as stated, on appeal to the Supreme Court. Among the documents mentioned in the precipe which the clerk was directed to transcribe for the purpose of the appeal is the following: "The bill of exceptions." It appears, however, that the clerk has not complied with the written directions of appellant. At least he has not so far as the same required him to certify a transcript of the original bill of exceptions embracing the evidence, which appears to be the only bill filed in the case. Instead of certifying a transcript thereof as directed, the clerk has bodily certified to this court the original bill itself; hence, under the circumstances, when ruled by the decisions in *Johnson* v. *Johnson,* 156 Ind. 592, and *Chestnut* v. *Southern Indiana R. Co.,* 157 Ind. 509, we are compelled to hold that the act of the clerk in certifying such original bill was unauthorized, and consequently the evidence is not a part of the record. In the appeal of *Chestnut* v. *Southern Indiana R. Co., supra,* we said: "Under the directions given to the clerk in the precipe in question it became his duty to certify to this court a transcript or copy of the original bill of exceptions containing the evidence and the rulings of the court in the admission or exclusion of testimony, and his act in certifying the original bill was, under the statute, unauthorized."

The evidence not being properly before us, we must, without consideration of their merits, dismiss the several questions depending for determination upon the evidence.

Judgment affirmed.